On Rehearing
 

 LE BLANC, Justice.
 

 This case is before the court on a rehearing granted the appellee, State of Louisiana.
 

 As is noted in the majority opinion on the original hearing, this is a felony case in which there was a plea of prescription filed, based on the fact, as appeared from the record, that three years had elapsed from the date of finding an indictment without the accused being tried.
 

 Article 8 of the Code of Criminal Law and Procedure makes it incumbent on the District Attorney, in such cases, to enter a nolle prosequi, and if he should fail or neglect to do so, the court may on motion of the defendant or his attorney cause such nolle prosequi to be entered. The article prescribes further that none of its provisions “shall apply or extend to an accused person who has absconded, or who is a
 
 *45
 
 fugitive from justice or who has escaped trial through dilatory pleas * *
 

 The State had contended that the accused had escaped trial through a dilatory plea when he filed an application for a bill of particulars which was received by the Court, ordered filed and taken under advisement, where it remained in abeyance and was not acted on until more than three years had elapsed from the date of the indictment. The question at issue was whether or not the application for a bill of particulars constituted such a dilatory plea as is contemplated in the article of the Code of Criminal Law and Procedure from which we have just quoted. The trial judge evidently held that it was, since he over-ruled the plea of prescription. On reviewing his ruling on writs which had been granted, this court, in a majority opinion, held that he was in error and consequently reversed his ruling and rendered a decree sustaining the plea of prescription. It ordered that a peremptory writ of prohibition issue to Honorable Niels F. Hertz, Judge of Section “F” of the Criminal District Court for the Parish of Orleans prohibiting further proceedings in the prosecution complained of.
 

 After a careful review of the majority opinion on the original hearing we have reached a different conclusion and now hold' that the application or motion for a bill of particulars was such a dilatory plea as was intended under Article 8 of the Code of Criminal Law and Procedure and through which the defendant had escaped trial up to the time it was acted on in the. district court.
 

 The Code of Criminal Procedure does, not define a dilatory plea and there is no-reason we can think of why the definition of such plea as given in the Code of Practice of Louisiana should not apply. According to the definition as found in Article 332, they are exceptions “such as do not tend to defeat the action, but only to-retard its progress; * * *.” Certainly that is the light in which a plea for a bill of particulars must be regarded in a criminal case. It is comparable to an exception of vagueness in civil matters and merely calls for more information by the-accused before he thinks he should be-made to plead to the indictment so that he can better prepare his defense. It by-no means defeats the charge that is made-in the indictment and only tends to delay the progress of the prosecution. To this, extent, it will be necessary to reverse the judgment rendered in the original hearing.
 

 However, under the situation that is; presented in this case, we find it impossible to render a final decision at -this time.
 

 It strikes us as being a most unusual circumstance for a trial court to hold a plea such as an application for a bill of particulars under advisement for as long a-period as was done in this instance. No-reason for the delay appears from the rec
 
 *47
 
 •ord but we think that one must have existed. Whilst the matter was pending, a new division of the Criminal District Court for the Parish of Orleans was created by Act 109 of 1948 and it became necessary •in pursuance of the provisions of that act to reassign and reallot all the cases pending before that Court. Necessarily that involved some time and considerable work and it may be that some of the delay may thus be accounted for. At any rate we have concluded that the cause of the delay should be ascertained so that we can more intelligently pass on the merits of the plea of prescription.
 

 The State is interested in seeing that an .accused be made to stand trial for an offense with which he is charged, and the .accused, on the other hand, is entitled to preserve every legitimate right of defense he may have. We are unable to pronounce judgment in the state in which the record stands. As we believe that the interest of justice will best be served by remanding the case to the district court, for the purpose of finding out, if possible, what was the cause of the delay in the ruling on the plea for a bill of particulars, and •of ascertaining whose fault it was, if there was any fault, that it was not acted •on before, we have concluded to do so.
 

 For the reasons stated, it is ordered that the former judgment herein be reversed, set aside and annulled, and it is now further ordered that this case be remanded '.to Section “F” of the Criminal District Court for the Parish of Orleans, to be proceeded with in accordance with the views herein expressed.
 

 MOISE, J., dissents, believing that original decree should be reinstated, and will assign reasons.